UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BROCK BIDDLE,

    Plaintiff,

  v.             CAUSE NO. 3:19-CV-1083-DRL-MGG

BO HOLCOMB, *et al.*,

    Defendants.

## OPINION AND ORDER

  Brock Biddle, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the complaint. Mr. Biddle alleges that, in April and May 2019, Bo Holcomb and Nurse Loftus forced him to share a cell at the Marshall County Jail with an inmate with staph infection. In September and October 2019, Bo Holcomb and Nurse Loftus again forced him to share a cell with the same inmate who continued to suffer from a staph infection.

  Because Mr. Biddle is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial

detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Biddle states a plausible Fourteenth Amendment claim against Bo Holcomb and Nurse Loftus.

For these reasons, the court:

(1) GRANTS Brock Biddle leave to proceed on a Fourteenth Amendment claim against Bo Holcomb and Nurse Loftus for money damages for forcing him to share a cell with an inmate with staph infection;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Bo Holcomb and Nurse Loftus at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Bo Holcomb and Nurse Loftus to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Brock Biddle has been granted leave to proceed in this screening order.

SO ORDERED.

December 9, 2019              *s/ Damon R. Leichty*
                              Judge, United States District Court